# United States Court of Appeals for the Fifth Circuit

No. 23-30363
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marianno Goldsmith,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CR-137-1

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Marianno Goldsmith appeals his conditional guilty plea conviction for possession with intent to distribute methamphetamine. He challenges the district court's denial of his motion to suppress.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30363

"A warrantless search is presumptively unreasonable unless it falls within an exception to the Fourth Amendment's warrant requirement." *United States v. Guzman*, 739 F.3d 241, 245-46 (5th Cir. 2014). If law enforcement officials have probable cause to believe that a vehicle contains contraband, a warrantless search is permitted under the "automobile exception." *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006). Specifically relevant to the circumstances here, smelling the odor of marijuana emanating from a vehicle provides the requisite probable cause to search the vehicle. *See United States v. Moore*, 329 F.3d 399, 405 (5th Cir. 2003); *United States v. Ibarra-Sanchez*, 199 F.3d 753, 760 (5th Cir. 1999).

Although Goldsmith alludes to the existence of credible evidence establishing that the odor emanating from his rental vehicle stemmed from lawful use of marijuana, the record does not establish that the prior use of marijuana in his vehicle was lawful. We do not reach his request for an exception to the rule that the odor of marijuana emanating from a vehicle supports probable cause for a vehicle search.

The district court's judgment is AFFIRMED.